MARK M. BETTILYON (4798)
MICA MCKINNEY (12163)
**RAY QUINNEY & NEBEKER, P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
 Telephone No.:  (801) 532-1500

*Attorneys for Plaintiffs*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

---

| | |
|---|---|
| ALLVEST INFORMATION SERVICES INC doing business as ASSESSMENTS.COM, a Washington corporation; GROWING FUTURES LLC, A Utah  limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> NOBLE SOFTWARE GROUP LLC, a Washington limited liability company,  MARK WINTERMAN, an individual; AARON PICTON, an individual; BRYAN PARKE, an individual; TROY PARKE, an individual; JONNA KOEHN, an individual; COLBY BROWN, an individual; DIANA COATES, an individual, and BRET COPPESS, an individual, <br><br> Defendants. | **MOTION TO REMAND** <br><br> Case No. 1:13-cv-161-DAK <br><br> Judge:  Dale A. Kimball |

Pursuant 28 U.S.C. § 1447(c), Plaintiffs Allvest Information Systems, Inc doing business

as Assessments.com and Growing Futures LLC (collectively referred to herein as "ADC") by

and through counsel, hereby respectfully move the Court to remand to the state court the above-

captioned action, which was originally filed in the Second Judicial District Court in and for

Davis County, State of Utah (the "State Action").  Defendants Noble Software Group LLC,

Mark Winterman, Aaron Picton, Bryan Parke, Troy Parke, Jonna Koehn, Colby Brown, Diana

Coates, and Bret Coppess (collectively "Defendants") improperly removed this action, which

asserts only state law claims, without an objective basis for doing so.  Lacking subject matter

jurisdiction, this court should remand this case to the state court.

## INTRODUCTION

This action should be remanded to the Second Judicial District Court in and for Davis

County.  ADC's Complaint asserts only state law causes of action which do not depend on or

raise any issues of federal law.  In removing this action, Defendants ignored established

precedent that the Copyright Act does not preempt claims for trade secret misappropriation or

other state law claims that involve element such as breaches of confidential relationships,

breaches of fiduciary duty and contract.  Tellingly, ADC's pending partial motion to dismiss

only asserts that ADC's unfair competition claims and a portion of its conversion claim are

preempted by federal law.  This position ignores the additional element ADC must show to

succeed on these claims, such as violation of software licenses, trademark, and deception of

customers.  Moreover, in the event, Defendants' partial motion to dismiss is successful on its

copyright preemption theory, the preempted claims will be dismissed and then cannot provide a

basis for federal jurisdiction.

To side-step this eventuality, Defendants argue that the Court should exercise jurisdiction

based on their defense that the Individual Defendants (or at least two of the Defendants) actually

own ADC's proprietary software, processes and ideas.  This issue is not presented on the face of

ADC's Complaint, nor is it contemplated by any of ADC's state law claims.  Instead it is

Defendants' defense or counterclaim to ADC's trade secret claims and cannot form the basis of

ii

jurisdiction.  Defendants also overlook that trade secret ownership is not determined based on copyright ownership.

Lacking any proper basis for federal subject matter jurisdiction, Defendants removed this action without any objectively reasonable basis for doing so.  Accordingly, this action should be remanded to the state court and ADC should be awarded its fees and costs for seeking this remand.

**BACKGROUND**

ADC provides evidence-based assessment and monitoring software to probation and law enforcement agencies.  Compl. ¶ 1 ([ECF No. 6-2](#)), attached hereto as Exhibit 1.  At the core of ADC's unique software package is a proprietary database.  *Id.* ¶ 16.  ADC also offers maintenance agreements and other services that relate to the operation and use of ADC's propriety assessment system.  When an ADC customer terminates its agreement with ADC, the customer contracts require the customers to discontinue use of ADC's materials, remove ADC's software and to return or destroy all copies thereof.  *Id.* ¶ 26.

Defendants Mark Winterman, Aaron Picton, Bryan Parke, Troy Parke, Jonna Koehn, Colby Brown, Diana Coates, and Bret Coppess (collectively the "Individual Defendants") are all former employees or agents of ADC.  *Id.* ¶¶ 27.  As plead in ADC's Complaint, while they were employed by ADC, the Individual Defendants conspired together to form a new company, Defendant Noble Software Group LLC ("Noble"), with the express intent of taking over ADC's client contracts and client relationships.  *Id.*  ¶¶ 38-42.  After they formed Noble or shortly before, the Individual Defendants began a process of misappropriating ADC's valuable trade secrets as well as tangible items such as confidential business documents and information and equipment belonging to ADC.  *Id.* ¶¶ 55-57, 62-63.  Then using ADC's confidential information

iii

and ADC's trade secrets, including the schema of its database and the principles, processes and tools used to create ADC's Software, the Individual Defendants and Noble began unfairly competing with ADC by taking over ADC service agreements, by misrepresenting that they have authority to access and maintain ADC's software, and by inducing customers to breach their agreements with ADC.  *See, e.g., Id.* ¶¶ 74, 77, 80-81, 84-85, 87.

The Individual Defendants' theft and misuse of ADC's trade secrets, their breach of their confidential relationship with ADC and the fiduciary duties they owed to ADC, and other related conduct have injured ADC.  *Id.* ¶ 91-92.  Accordingly, ADC filed suit against Defendants in the Second District for the State of Utah.  *See generally* Ex. 1, Compl.  ADC asserted ten state law claims based on, among other things, the Defendants' misappropriation of trade secrets, the Individual Defendants' breach of an Employment Agreement and confidentiality requirements, breach of fiduciary duties, and intentional inference with ADC's customers.  *Id.*

After proceedings related to ADC's motion for a Temporary Restraining Order wherein the district court noted that "the case certainly presents serious issues on the merits," TRO Hr'g Tr. 54, attached hereto as Exhibit 2, Defendants removed the case from the state court, asserting that ADC's claims are preempted by the Copyright Act.  *See* Notice of Removal (ECF No. 2). Notably, neither party holds registered copyrights for any of the items identified in ADC's Complaint.

On December 18, 2013, Defendants filed a Partial Motion to Dismiss.  *See* (ECF No. 25). In that Motion, Defendants asserted that ADC's causes of action for Misappropriation of Trade Secrets (3d Cause of Action "COA"), Breach of Duty of Loyalty (4th COA), and "portions" of ADC's claims for relief for Tortious Interference with Corporate Opportunities (3d [sic] COA),

Civil Conspiracy (6th COA), and Conversion (7th COA) are preempted by the Utah Uniform Trade Secrets Act.  Def. Partial Mot. Dismiss at 1 (ECF No. 25).

Noble's Partial Motion to Dismiss asserted that only two claims are preempted by the Copyright Act: ADC's claim for Statutory Unfair Competition (8th COA) and common law unfair competition (9th COA).  *Id.*  Noble also asserted that a portion of ADC's conversion claim (7th COA) (to the extent it refers to copyrightable subject matter) is also preempted.  *Id.*

**ARGUMENT**

Defendants improperly removed the action under 28 U.S.C. §1331, asserting that the "case raises a broad range of important federal questions arising under the Copyright Act of 1976, . . ." Notice of Removal at 2 (ECF No. 2).  Acknowledging, that ADC has not directly asserted any federal claims, the Defendants' Notice of Removal suggests that ADC's entire Complaint is preempted by federal copyright law.  In doing so, the Defendants rely solely on their biased perception and slanted interpretation of ADC's state law claims and their anticipated defenses thereto; not on the claims asserted on the face of ADC's Complaint.  Moreover, Defendants' removal of this action depends on a selective reading and misapplication of case law regarding copyright preemption and ignores the fact that ADC's claims are based on the Defendants' breach of their confidential relationships, breach of fiduciary duties, and breach of contract, consumer deception, and on all Defendants' blatant misappropriation and theft of trade secrets.  Resolving all doubts against removal, this action should be remanded to the Second District Court for the State of Utah, where it was properly filed.  *See Fajen v. Found.  Reserve. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed and all doubts are to be resolved against removal." (internal citation omitted)).

I.      **Whether a Cause of Action Asserts a Federal Claim Is Determined by the Facts and Theories Disclosed Upon the Face of the Complaint.**

"The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule' which only provides federal jurisdiction when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1267 (D. Utah 2010) (internal quotation omitted); *see also Fajen,* 683 F.2d at 333.  Indeed, "the required federal right or immunity must be an

1

*essential element* of the plaintiff's cause of action, and that the federal controversy must be disclosed upon the face of the complaint, ***unaided by the answer or by the petition for removal***." *Madsen v. Prudential Fed. Savings & Loan Assn.*, 635 F.2d 797, 800 (10th Cir. 1980) (emphasis added). Defenses "predicated upon federal law" whether raised in an answer or a notice of removal are not enough by themself "to confer federal jurisdiction, even though the defense is certain to arise." *Id.* at 800-01 (10th Cir. 1980).

## II.   ADC's Complaint Does Not Assert Claims That Are Predicated Upon Federal Law.

Defendants' Notice of Removal asserts that ADC's Complaint raises issues of federal law based on three factual predicates: (1) ADC's description of its trade secrets includes copyrightable material, namely software,[1] Not. of Removal ¶¶ 4-7; (2) ADC's "claims center on Noble's [and all Defendants'] alleged misuse of Plaintiff's 'trade secrets' or 'confidential information,'" *Id.* ¶ 8, ¶¶ 9-13 (highlighting ADC's assertions that Defendants misappropriated trade secrets and breached confidentiality agreements); and (3) Defendants' belief that they own the alleged trade secrets and confidential information and via the "work for hire" doctrine possess a copyright interest in ADC's software. *Id ¶¶* 15-21. These facts, even if true, do not convert ADC's claims into federal questions via complete preemption by federal copyright law nor do they raise an issue of federal law by requiring a determination of federal copyright law.

### A.   *ADC's State Law Trade-Secret Claims Are Not Preempted by Federal Copyright Law.*

"A state-law claim is preempted [by copyright law] if (1) the work is within the scope of

---

[1] Defendants' Notice of Removal broadly asserts that "software" is copyrightable. Which elements of a software program are copyrightable requires a complicated analysis. *See Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823 (10th Cir. 1993) (discussing multi-step process for evaluating whether element of computer program is copyrightable). However, generally, elements of computer programs which constitute ideas, processes, or methods of operation are not protected by copyright law. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir.1994).

the 'subject matter of copyright' as specified in 17 U.S.C. § § 102 and 103; and (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *R.W. Beck, Inc. v. E3 Consulting,* LLC, 577 F.3d 1133, 1146 (10th Cir. 2009). "Stated differently, a state law cause of action is not preempted if an extra element exists that makes the cause of action qualitatively different from a copyright infringement claim." *Johnson v. Tuff-N-Rumble Mgmt.*, No. 02-1734; 2002 WL 31819167, at *2 (E.D.La. Dec. 13, 2002).

Defendants argue that ADC's claims are completely preempted because ADC's trade secrets include, among other things, various elements of ADC's proprietary software and some of the claims are based on the Defendants' theft and misuse of ADC's trade secrets. For purposes of this argument, ADC assumes Defendants have minimally satisfied the first prong of the preemption test for ADC's trade secret claims.[2]

Defendants, however, entirely fail to establish that ADC's state law claims are the equivalent of a copyright right claim and thereby fail to satisfy the second prong of the preemption test. Instead, in an attempt to force preemption of ADC's state law claims, Defendants flout established Tenth Circuit precedent, which is discussed in the very cases cited in Defendants' Notice. For example, *R.W. Beck*, which Defendants cite in paragraph 23 of their Notice, discusses at length *Gates Rubber Co.* and its holding that state law trade secret claims are not preempted by the Copyright Act. *R.W. Beck Inc.*, 577 F.3d at 1147.

Applying the "extra element" test, the court in *Gates Rubber Co.* concluded that, under

---

[2] Many of ADC's other claims do not relate to ADC's software or other copyrightable trade secrets.

3

Colorado law,[3] a misappropriation of trade secrets claim requires a breach of trust or confidence, which is not required to establish a copyright claim.  As the court stated, "breach of a duty of trust or confidence 'is the gravamen of such trade secret claims and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely on copying." *Gates Rubber Co*., 9 F.3d at 848.  Accordingly the court concluded that the plaintiff's misappropriation claim was not preempted.  *Id.*

Numerous other courts have reached the same conclusion.  *See, e.g., Data Gen. Corp. v. Grumman Sys. Support Corp*., 36 F.3d 1147, 1165 (1st Cir. 1994), abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010); *Trandes Corp. v. Guy F. Atkinson Co.,* 996 F.2d 655, 660 (4th Cir.1993); *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 717 (2d Cir.1992); *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1090 n.13 (9th Cir.1989); *Assoc. of Am. Medical Colleges v. Princeton Review, Inc.* 332 F. Supp. 2d 11, 23 (D.D.C. 2004).

Strangely, while arguing that ADC's claims center on Noble's misuse of ADC's trade secrets and confidential information, *see* Notice of Removal ¶ 8, Defendants' Notice of Removal does not cite one misappropriation of trade secret case.  Defendants only insert "Utah misappropriation claim" into a quote from *Ehat v. Tanner.*  Notice of Removal ¶ 24.  *Ehat,* in fact, analyzed unfair competition and unjust enrichment claims that did not involve any improper means—that is, the defendants had no part in the actual misappropriation of the materials at issue.  *Ehat v. Tanner*, 780 F.2d 876, 877 (10th Cir. 1985).

The remaining cases cited by Defendants are similarly distinguishable in that in each case

---

[3] Both Colorado and Utah have adopted the Uniform Trade Secrets Act.  *See* Colo. Rev. Stat. § 7-74-101 et seq ; Utah Code Ann. § 13-24-1, et seq.  Colorado adopted the Uniform Trade Secrets Act in 1986.  *See* H.B. 1260, §1, 55th Gen. Assembly (Colo. 1986).

the Court found preemption of state law claims such as unfair competition or unjust enrichment based on fact patterns that did not involve breach confidential relationships, breach of fiduciary duties, passing off, or confusion of customers.  *See, e.g., R.W. Beck, Inc.*, 577 F.3d at 1146 (misappropriation not alleged in Complaint and did not extend beyond copying); *Wilcox v. Career Step*, No.  2:08-CV-998-CW, 2010 WL 624863 (D. Utah Feb. 19, 2010) (claims based on continued use of copyrighted material after copyright license expired); Pebble Creek Homes, LLC v. Upstream Images, LLC, 547 F. Supp. 2d 1214, 1217 (D. Utah 2007) and *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc*., 373 F.3d 296 (2d Cir. 2004) (declaratory judgment claims for ownership of copyrighted material preempted).  When such elements are present in a claim, courts have found that state law claims such as breach of contract, conspiracy, tortious interference, etc. are not preempted by the federal copyright law.  *See, e.g., Briarpatch Ltd., L.P v. Phoenix Pictures, Inc*., 373 F.3d 296, 307 (2d Cir. 2004) (holding that claims based on fiduciary duty were not preempted); *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 247 (2d Cir. 1983) ("to the extent that plaintiffs are relying on state unfair competition law to allege a tort of "passing off," they are not asserting rights equivalent to those protected by copyright and therefore do not encounter preemption").

       B.      *ADC's Unfair Competition  and Conversion Causes of Action Require Proof of Additional Elements and Therefore Are Not Preempted by the Copyright Act.*

Implicitly acknowledging that ADC's trade secret claims are not preempted by the Copyright Act, Defendants' pending partial motion to dismiss scales back the broad assertions made in its Notice of Removal and argues only that ADC's statutory and common law unfair competition claims and a portion of ADC's conversion claim are preempted by copyright law. *See* Partial Mot. Dismiss at 2 (ECF No. 25).  However, the Act fails to preempt these claims too.

5

1.     **ADC's Statutory Unfair Competition and Common Law Unfair Competition Based on Software License Violations and Customer Deception Are Not Preempted by the Copyright Act.**

The application of copyright to unfair competition claims is more varied than trade secret claims.  In instances where claims are based on unauthorized use of copyrightable material, courts have found unfair competition claims are preempted.  *See R.W. Beck, Inc.*, 577 F.3d at 1146.  However, unfair competition claims often present theories that contain extra elements that distinguish the unfair competition claims from copyright claims.  "Examples of extra elements in unfair competition claims that avoid preemption include: breach of fiduciary duty, breach of a confidential relationship, and palming off the defendant's products as those of the plaintiff's." *Kindergartners Count, Inc. v. DeMoulin,* 171 F. Supp. 2d 1183, 1191 (D. Kan. 2001) (collecting cases).  With these elements in mind, the court in *Kindergartner's Count Inc.* concluded that to the extent the plaintiff's Complaint asserted an unfair competition based only on misappropriation, that is, copying, the state law claim was preempted but, to the extent the unfair competition claim relied on proof of breach of a confidential relationship and customer confusion or deception, it was not preempted.  *Id.* at 1192.

Here, ADC's asserts claims for statutory unfair competition and common law unfair competition.  Both claims require proof of elements that differ from those required for a copyright claim; therefore, these state law claims are not preempted by copyright law.  First, under Utah law, a claim for statutory unfair competition can only be based on malicious cyber activity, infringement of a patent, trademark or trade name, a software license violation, or predatory hiring practices.  Utah Code Ann. § 13-5a-102 (2013).  Under Utah common law, unfair competition includes, but is not limited to "passing off, palming off, imitating, and causing or likely causing confusion or deception."  *Wilcox v. Career Step*, No. 2:08-CV-998-CW, 2010

6

WL 624863 (D. Utah Feb. 19, 2010) (quoting *Overstock.com, Inc. v. Smartbargains, Inc.*, 192 P.3d 858, 862–863 (Utah 2008) (citations omitted).   Both theories require proof of elements different from copyright infringement.

Here, ADC has asserted that Defendants have violated ADC's software licenses, infringed on trademark and trade name and deceived ADC customers.  The facts supporting ADC's unfair competition claims as plead in the general factual statement of the Complaint allege that Defendants have violated and/or induced ADC's customers to violate ADC's software licenses by representing that they have the ability to provide training based on ADC's programs, Ex. 1, Compl. ¶ 68, that Defendant Noble has represented that it has the ability and authority to take over the maintenance of ADC's software, which under the software license should have been returned upon termination, *Id.*  ¶ 79, that Defendant Noble currently services and maintains software (utilizing ADC's trade secrets) and has indicated that it has the authority and/or ability to service ADC's software, *Id.* ¶ 74, and that ADC has in fact assumed ADC contracts.  *Id.* ¶ 80. In making these false representations and by assuming ADC contracts, Defendants have induced ADC customers to violate ADC's licenses, which include confidentiality and nondisclosure provisions and prohibit the customer from retaining ADC's materials.  Defendants have also deceived and confused ADC's customers regarding the status of ADC's trade secrets, regarding Defendants' authority to access ADC's proprietary software and systems, and regarding Defendants' ability to service and maintain ADC's software and database without utilizing and/or disclosing ADC's trade secrets.  *See Id.* ¶ 86.  Defendants are also imitating ADC by offering identical services and options for probation software.

ADC has also asserted that Defendants are unfairly competing by infringing on ADC's trademark and trade dress infringement.  In support ADC has asserted that Defendants offer

7

software and services that are identical to ADC's services.  These claims are not preempted because "federal district courts do not have exclusive original jurisdiction over trademark claims." *Johnson*, 2002 WL 31819167.  "A plaintiff can choose any one of three types of trademark actions: a state common law trademark infringement suit, a state law unfair competition suit, or a federal law trademark infringement suit." *Id.*

> **2.    ADC's Conversion Claim, Which Is Based on the Defendants Taking Possession Tangible Property, Is Not Preempted by Copyright Law.**

"Generally speaking, conversion claims that involve tangible, rather than intangible, property are immune from preemption." *Brown v. Mojo Records,* CV 00-286-ST, 2000 WL 33244473 (D. Or. June 6, 2000); *see also Data Gen. Corp.*, 795 F. Supp. at 505 (D. Mass. 1992) (holding that conversion claim based on physical taking of copies of software was not preempted by copyright law).  This is because "[t]o some degree, claims for conversion of physical property or for misappropriation involve an extra element beyond unauthorized copying since they require a plaintiff to prove that the defendant wrongfully obtained possession over a specific piece of property." *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001).  Here, ADC's conversion claim plainly asserts that Defendants wrongfully took, in manner that has permanently deprived ADC, various pieces of tangible property, including corporate files and equipment. *See* Ex. 1, Compl. ¶ 148.  Even though some of the items taken were copyrightable materials, just as in *Data General Corp.*, ADC's conversion claim is based on the possession and physical taking of the property and therefore not equivalent to a copyright claim.

**III.    Defendants' Work-for-Hire Defense Is Inapplicable to ADC's State Law Claims and Does Not Create Subject Matter Jurisdiction.**

Finally, Defendants argue that aside from its theory of complete preemption, ADC's claims are still predicated upon federal law because ADC's claim "may be vindicated or defeated

8

only by construction of federal statutes and regulations, . . . ."  Notably Defendants' Notice only refers to the Copyright Act.  In short, Defendants argue that based on a work-for-hire doctrine they are the original owners of "copyrighted works under the Act" and that all claims must be determined in light of this defense.  This argument has no foundation in ADC's Complaint and is an end-run around Defendants' failure to establish a bases for copyright preemption and should be rejected.  Moreover, it is an erroneous statement of the law.  State law claims do not turn on copyright ownership or copyright principles of ownership.  The only court in this Circuit to address this claim has concluded that "[a]lthough status as an employee or an independent contractor is relevant to the ownership of a copyright, it is irrelevant to the ownership of a trade secret.  These concepts of intellectual property are different."  *Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F. Supp. 1516, 1524 (D. Colo. 1993).  Thus Defendants' assertion of copyright ownership is not an essential element of Defendants' claims but instead an implausible defense that does not support federal jurisdiction.  *See supra* I.

**IV.    ADC Is Entitled To Costs And Attorney's Fees Associated With This Motion Because Defendants Had No Objectively Reasonable Basis For Removal.**

ADC is entitled to recoup the costs and attorney's fees it has incurred as a result of Defendants' frivolous Notice of Removal.  28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has clarified that "the standard for awarding fees [under Section 1447(c)] should turn on the reasonableness of the removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Under that standard, courts may award attorney's fees under Section 1447(c) "where the removing party ***lacked an objectively reasonable basis for seeking removal***."  *Id.*  (emphasis added).

9

Costs and attorney's fees should be awarded in this case because Defendants "lacked an objectively reasonable basis for removal."  Defendants' Notice of Removal asserts that ADC's trade secrets include copyrightable material and therefore all claims based on misappropriation of these trade secrets are preempted by copyright law.  In doing so, Defendants ignored the established precedent that trade secret claims in nearly all circumstances are not preempted by copyright law.  Again, attempting to side-step ADC's strong trade secret claims, Defendants attempt to justify federal jurisdiction based on Defendants' improbable defense that they in fact own all of ADC's trade secrets and proprietary and confidential information.  This position is contrary to Tenth Circuit law.  Costs and attorney's fees are warranted.

## V.   ADC Does Not Intend to Amend its Complaint to Convert Any Preempted Claims into Federal Copyright Claims.

While ADC does not believe that any of its claims are preempted by federal copyright law, in the event the Court reaches a contrary conclusion, ADC does not intend to amend its complaint to convert any preempted claims into federal copyright claims.  Thus, to the extent ADC's state law unfair competition or conversion claims are preempted by the federal copyright, they should be dismissed for failing to state a claim upon which relief can be granted.  *See* Def.'s Partial Mot. Dismiss.  Following dismissal of preempted claims, ADC's Complaint is completely devoid of any potential federal question and therefore there is no basis for federal subject matter jurisdiction.  Accordingly, in the event the Court finds that any claims are preempted by federal copyright law, these claims should be dismissed and the remaining state law claims should be remanded to the state court.  *See Firoozye*, 153 F. Supp. 2d at 1133 (remanding Complaint to state court, minus dismissed preempted causes of action).  ADC's state law claims may also be remanded pursuant to the 28 U.S.C. § 1454.

10

**CONCLUSION**

For the foregoing reasons, ADC respectfully requests that the Court remand this action to the Second Judicial District Court in and for Davis County.

DATED this 7th day of February, 2014.

RAY QUINNEY & NEBEKER P.C.


*/s/  Mica McKinney*
Mark M. Bettilyon
Mica McKinney
*Attorneys for Plaintiffs*

1270324

11

## CERTIFICATE OF MAILING

I hereby certify that on the 7th day of February, 2014, I filed the foregoing **MOTION TO REMAND** with the Clerk of the Court via the District of Utah CM/ECF system, which also sent notice to the following:

> John N. Zarian
> Kennedy K. Luvai
> PARSONS BEHLE & LATIMER
> jzarian@parsonsbehle.com
> kluvai@parsonsbehle.com

/s/ Mica McKinney

1270324

12