# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ALLVEST INFORMATION SERVICES, INC., et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>NOBLE SOFTWARE GROUP, LLC, et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER REMANDING CASE<br><br>Civil Case No. 1:13CV161DAK<br><br>Judge Dale A. Kimball |

    This matter is before the court on Plaintiffs' Motion to Remand this action to sate court. On November 14, 2013, Defendants removed this case from the Second Judicial District Court, in and for Davis County, State of Utah, case no. 130701044 ("State Court Action"). The motion is fully briefed. Neither party has requested oral argument on the motion, and the court concludes that oral argument would not aid in its consideration of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the written submissions from the parties as well as the facts and law relevant to the motion.

    To remove an action to federal court, the federal court must have original jurisdiction over the claim. 28 U.S.C. §1441(a). The burden is on the removing party to demonstrate that jurisdiction is proper and that the requirements for removal have been met. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removal statutes are to be narrowly construed and "all doubts are to be resolved against removal." *Id.*; *Pritchett v. Office Depot, Inc.*,

420 F.3d 1090, 1094-95 (10th Cir. 2005).

Plaintiffs' Complaint does not state any federal causes of action. Plaintiffs allege state law claims for breach of contract, misappropriation of trade secrets, tortious interference with corporate opportunities, breach of duty of loyalty, breach of duty of care and diligence, civil conspiracy, conversion, and unfair competition. However, Defendants removed this action on the alleged basis that there was federal subject matter jurisdiction because the case raises questions arising under the Copyright Act of 1976. "The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule' which only provides jurisdiction when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Shannon's Rainbow LLC v. Supernova Media, Inc.,* 683 F. Supp. 2d 1261, 1267 (D. Utah 2010). "[T]he required federal right or immunity must be an essential element of the plaintiff's cause of action and the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Madsen v. Prudential Fed. Sav. & Loan Assn.*, 635 F.2d 797, 800 (10th Cir. 1980). Defenses "predicated upon federal law" whether raised in an answer or a notice of removal are not enough by themselves "to confer federal jurisdiction, even though the defense is certain to arise." *Id.* at 800-01.

The majority of courts that have analyzed whether the Copyright Act preempts state-law trade secret claims have found that it does not. *See DSC Communications Corp. v. Pulse Communications, Inc.*, 170 F.3d 1354 (Fed. Cir. 1999). "As to federal copyright law, it seems clear that there is no general preemption of state trade secret law, even where the trade secret is embodied in a copyrightable document." 2 Callman on Unfair Comp., Tr. & Mono. § 14:2 (4th ed.). Only when the state law claims are equivalent to the Copyright Act's protection does the

Copyright Act completely preempt state law claims. *Chris-Leef Gen. Agency, Inc. v. Rising Star Ins. Inc.*, 2011 WL 5039141 (D. Kan. Oct. 24, 2011).

When a well-pleaded complaint asserts only state law claims, the Copyright Act may only preempt such claims if they are co-extensive with the Act. To assess the relationship, the Tenth Circuit applies the extra-element test. "[I]f a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Id.* Applying the extra-element test, the Tenth Circuit has concluded that state law trade secret claims that require proof of using or acquiring trade secrets through improper means are not preempted by the Copyright Act. *See Gates Rubber Co. v. Bando Chem. Indus*, 9 F.3d 823, 847 (10th Cir. 1993).

In this case, ADC's claims turn on Defendants' misappropriation through improper means, which are additional elements and conduct than the elements required for the Copyright Act's prohibition of duplication and use. Therefore, under the extra-elements claim, Plaintiffs' state law claims are not preempted.

Defendants assert that the court should apply the "construction of the Act test" to determine whether the court has jurisdiction over Plaintiffs' state law claims. *See Image Software Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044 (10th Cir. 2006). The "construction of the Act test" is used to "distinguish[] between state-law claims alleging breach of a contract involving copyrighted maters and those asserting an actual controversy under the federal Copyright Act." *Id.* at 1046. The test does not address preemption of state law claims. And, even if the court were to apply the test, there would not be jurisdiction in this court because

Plaintiff has not made an assertion regarding copyright. The *Image Software* court indicated that absent the plaintiff's copyright infringement claim, it would not have had jurisdiction over the state law claims. *Id.* at 1049.

Similarly, because Plaintiffs have not made any claim to copyright infringement, the work-for-hire doctrine is not a basis for this court's jurisdiction. At most, this is a defense which this court does not consider for purposes of determining the propriety of removal. Moreover, trade secret and copyright are different concepts of intellectual property. Utah's trade secret act protects different forms of intellectual property than the Copyright Act. Accordingly, the work-for-hire doctrine, while well-established for purposes of copyright law, is not necessarily applicable to a misappropriation of trade secrets claim. *See Computer Assocs. Int'l, Inc. v. Am. Fundware, Inc.*, 831 F. Supp. 1516, 1524 (D. Colo. 1993) (concluding work-for-hire doctrine inapplicable to determination of trade secret ownership).

Resolving all doubts against removal, the court concludes that there is no federal question jurisdiction based on the well-pleaded allegations of Plaintiffs' Complaint. Accordingly, the court must remand this action to state court. Plaintiffs seek costs incurred with its motion to remand. However, the court finds that while Defendants' position did not prevail, it was not so unfounded as to subject Defendants to the payment of costs.

**CONCLUSION**

Based on the above reasoning, the court GRANTS Plaintiffs' Motion to Remand and orders that this case is remanded to the Second Judicial District Court in and for Davis County, State of Utah, Case No. 130701044. Pursuant to 42 U.S.C. § 1447(c), the Clerk of Court shall mail a certified copy of this order of remand to the clerk of said state court. The Clerk of Court

is further directed to close this case.  Each party shall bear its and their own fees and costs.

DATED this 3rd day of April, 2014.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge